UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

ALPHA CHI OMEGA et al,                )
                Plaintiffs,                )
                                      )
      vs.                                )        1:08-cv-0631-RLY-JMS
                                        )
HAIR SPA, INC., et al,                )
                Defendants.                )

**ENTRY ON MOTION TO STAY**

      This matter is before the magistrate judge on Plaintiffs Motion to Stay to Allow for Limited, Expedited Discovery (Dkt. # 18).  The motion is fully briefed, and being duly advised, the magistrate judge **GRANTS** the motion for the reasons set forth below.

      On July 14, 2008, Defendants Taylor Corporation and Taymark, Inc. (collectively, "Taymark"), moved to sever Plaintiffs' claims against them pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a), and transfer said claims to the United States District Court for the District of Minnesota.  With their motion, Plaintiffs ask that they be allowed to discover "whether the contentions raised in Defendants' Motion to Sever and Transfer are accurate," and request a temporary stay of this case in order to conduct expedited discovery "limited to issues pertinent to" Defendants' motion. (Pl. Brief, pg. 2-3).

      Taymark opposes Plaintiffs request for several reasons.  First, it argues that Plaintiffs have failed to allege in their Complaint that any of Taymark's allegedly infringing activity occurred in Indiana.  Taymark notes that "[i]t is possible that even the most basic jurisdictional nexus between Taymark and Indiana does not exist - none of the plaintiffs suing Taymark has any connection whatsoever to the State of Indiana." (Taymark's Response pg. 2).  Thus,

Taymark concludes, it would be "inappropriate and unfair" to permit discovery under these circumstances. (Taymark's Resp. pg. 2).  Second, Taymark asserts that even if Plaintiffs had alleged specific claims against it, it has submitted sworn testimony demonstrating that all of the acts giving rise to its allegedly infringing activities occurred in the District of Minnesota. Plaintiffs have offered no reason to believe the testimony is inaccurate or that discovery would so prove.  Last, Plaintiffs have failed to identify the specific facts they intend to discover and how those facts could defeat the motion to transfer.

Plaintiffs counter that they indeed have significant connections to Indiana despite Taymark's assertion to the contrary.  Further, a relevant factor to be considered by the Court in determining a motion to transfer venue is the site of the infringing activity, including the creation, design, marketing, shipping, sale and purchase of infringing merchandise.  Thus, discovery of the extent of Taymark's infringing activities occurring in Indiana is clearly pertinent to the Court's resolution of the motion, particularly when Taymark has "created the necessity of resolving these factual issues through their motion and Defendants uniquely possess the full quantum of relevant information." (Pl. Reply, pg. 3).

With challenges to venue as well as jurisdiction, courts often permit limited discovery by the party faced with responding to such a challenge.  *See, e.g., Worldwide Fin. LLP v. Kopko,* 2004 U.S. Dist. LEXIS 6287 at *1 (S.D. Ind. Mar. 18, 2004)(granting a motion for transfer following six months of discovery with respect to the transfer motion and a motion to dismiss for lack of personal jurisdiction); *George v. Kraft Foods Global, Inc.,* 2006 U.S. Dist. LEXIS 92886 at *6-7 (S.D. Ill. Dec. 22, 2006)(allowing plaintiffs to conduct limited discovery with respect to the propriety of defendants' motion to transfer).  The decision on whether to permit such discovery is committed to the Court's discretion.  *See Weeks v. Samsung Heavy Indus. Co.,* 126

F.3d 926, 943 (7th Cir. 1997)("District courts enjoy extremely broad discretion in controlling discovery.").

Taymark asserts that "most, if not all, of the acts giving rise to Taymark's allegedly infringing activities occurred in the District of Minnesota" and Plaintiffs have failed "to allege even a hint of a connection between Taymark and Indiana." (Taymark's Resp. pg. 2). Plaintiffs, however, dispute Taymark's assertions that its contacts with Indiana are as minimal, or nonexistent, as they claim. Limited discovery into issues raised by Taymark's motion to transfer will be helpful to the Court in making a fully-informed decision regarding transfer. Further, any discovery conducted will ultimately be useful in the case regardless of the forum in which the case ultimately proceeds. Clearly, given the procedural history of this matter, it will proceed, either in this venue or another.

Taymark has expressed concern that Plaintiffs lack of detail as to what their limited discovery might entail is in effect a request for unlimited discovery. However, Plaintiffs assure that they seek discovery into matters relevant to Taymark's Motion to Sever and Transfer, and given the narrow scope of issues presented in the motion, their requested discovery will primarily involve the extent of Taymark's activities in Indiana. The Court is confident that Plaintiffs will so limit their discovery requests.

Therefore, Plaintiffs Motion to Stay to Allow for Limited, Expedited Discovery is **GRANTED.** IT IS HEREBY ORDERED that these proceedings are stayed for sixty (60) days, during which time expedited discovery is permitted, limited to issues relating to Defendants' Motion to Sever and Transfer. Plaintiffs' response to said motion shall be filed no later than October 24, 2008.

**SO ORDERED.**

08/12/08

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

Distribution:[1]

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

Amy S. Cahill
STITES & HARBISON
400 W. Market Street
Suite 1800
Louisville, KY 40202

Laura J. Hein
GRAY PLANT MOOTY MOOTY &
BENNETT, P.A.
laura.hein@gpmlaw.com

Jennifer Lynne Kovalcik
STITES & HARBISON
jkovalcik@stites.com

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com

James W. Riley Jr.
RILEY BENNETT & EGLOFF LLP

jriley@rbelaw.com

Christina I. Ryan
STITES & HARBISON PLLC
cryan@stites.com

Jack Allen Wheat
STITES & HARBISON PLLC
jwheat@stites.com

---

[1]Please note that the court will not mail copies of this entry to those attorneys of record who have not provided their email address to the court.  As of September 1, 2004, the failure to register for the court's electronic filing system constitutes a violation of Local Rule 5.7(b).  It is the responsibility of co-counsel who are registered to ensure that the entry is distributed to all non-registered counsel, and registered co-counsel also should urge all counsel to comply with the local rule and register to use the court's electronic filing system so that they may receive notice of future entries from the court by email.  Information on how to register may be found on the court's website at http://www.insd.uscourts.gov/ecf_info.htm.